## State Farm Mutual Automobile Insurance Co. v. Broughton

*Sean M. Corr,* for plaintiff.
*Mati Jarve,* for defendant.

BIESTER, *J.,* March 11, 1991—This is an action brought to determine the validity and effectiveness of a set-off clause in an insurance policy which reduces any amount recoverable under the uninsured motorists' provision of the policy by any amount already paid under the liability coverage of the same policy. The facts in the case are totally undisputed and plaintiff's summary of those facts we adopt to show the factual background of the case.

Plaintiff is State Farm Mutual Automobile Insurance Company. Defendant is Timothy Broughton, a resident of Bucks County, Pennsylvania. It is agreed between the parties that defendant has no independent source of insurance available. On May 28, 1988; defendant was a passenger in an automobile insured by plaintiff, owned by plaintiff's insured, Nellie Rawlings, and operated by Theodore T. Rawlings. At that time, said automobile was involved in a motor vehicle accident with an uninsured vehicle. Thereafter, defendant asserted a negligence claim against Theodore T. Rawlings, which claim was covered by Nellie Rawlings' insurance policy with plaintiff. Defendant's negligence claim was subsequently settled for $50,000, representing the liability limits contained in the policy plaintiff issued to its insured, Nellie Rawlings. Defendant now asserts a claim for uninsured motorist benefits under the same policy. In response, plaintiff has raised a "set-off" clause in the policy which reduces any amount recoverable under the uninsured motorist provisions of the policy by any amount already paid under the liability coverage. Since the uninsured motorist coverage is only $25,000 the set-off clause effectively bars defendant's claim. Defendant contends that the set-off clause is unenforceable. On May 10, 1990, plaintiff instituted an action in declaratory judgment, averring that the enforceability of the set-off clause is the sole dispute between the parties, and seeking entry of judgment in its favor. Thereafter, defendant filed his answer admitting all the allegations in plaintiff's complaint and seeking judgment in his favor. Both parties moved for summary judgment.

Two questions were raised in the summary judgments we considered. First, whether the set-off clause which plaintiff raises in defense to the claim

for uninsured motorist's benefits is susceptible to more than one meaning and second, whether that set-off clause is void as against the public policy of the Commonwealth of Pennsylvania.

The clause most directly in question reads as follows:

"5. If the bodily injury arises out of the ownership, maintenance or use of:

"a. an uninsured motor vehicle, any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured:

"(1) by or for any person or organization who is or may be held legally liable for the bodily injury to the insured; or

"(2) for bodily injury under the liability coverage.

"b. An underinsured motor vehicle, the most we will pay will be the lesser of:

"(1) the difference between the amount of the insured's damages for bodily injury, and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury; or

"(2) the limits of liability of this coverage."

We found the language of the clause to be direct, clear and unambiguous. We noted that our appellate courts have viewed similar set-off language as unambiguous. *Bateman v. Motorists' Mutual Insurance Company,* 377 Pa. Super. 400, 547 A.2d 424 (1988); *Geisler v. Motorists' Mutual Insurance Company,* 382 Pa. Super. 622, 556 A.2d 391 (1989).

The remaining issue is whether this clause violates the public policy of the Commonwealth of Pennsylvania. In *Kovaleski v. Erie Insurance Group,* 398 Pa. Super. 519, 581 A.2d 585 (1990), the Superior Court considered the enforceability of an underinsured claim with respect to public policy of the following clause:

"Uninsured motorists payments will be reduced by:

"(1) the amounts paid by or for those liable for bodily injury to anyone we protect."

The effect of that language is exactly the same as the effect in the clause which is the subject of the instant action. In *Kovaleski,* the underinsured coverage was conditioned by all language referring to uninsured claims. Both clauses reduce the amount of benefits which an insured can collect by the amount paid to that insured under the liability portion of the policy. The *Kovaleski* court analyzed the matter in the following terms:

"In several cases we have upheld the validity and enforceability of clauses which require a set-off of underinsurance payments for sums previously paid by persons liable for bodily injury damages. See *Geisler, supra; Bateman v. Motorists Mutual Ins. Co.,* 377 Pa. Super. 400, 547 A.2d 428 (1988); *Sparler v. Fireman's Ins. Co. of Newark, N.J.,* 360 Pa. Super. 597, 521 A.2d 433 (1987) (en banc); *Votedian, supra* [330 Pa. Super. 13, 478 A.2d 1324 (1984)]. In keeping with this line of cases, we interpret the set-off provision contained in the Kovaleski's policy to require that the $30,000 limit on underinsurance benefits be reduced by $23,463, the amount received by Mrs. Kovaleski from the tortfeasor in compensation for her bodily injuries. Mrs. Kovaleski is therefore entitled to recover up to $6,537 in underinsurance benefits from Erie Insurance. The stipulation of facts does not indicate the extent of the injuries suffered by Mrs. Kovaleski. If Mrs. Kovaleski's injuries amount to greater than $30,000, then she is entitled to recover the full $6,537. If Mrs. Kovaleski's damages are less than $30,000, then she may recover an amount equal to

606

her actual damages minus the $23,463 set off. See *Geisler, supra,* 382 Pa. Super. at 633, 556 A.2d at 397."

Implicit in that analysis by the court is the determination by the court that the set-off clause may be enforced despite the insured's claim that to do so would be against the public policy of the Commonwealth. See also, *Wolgemuth v. Harleysville Mutual Insurance Company,* 370 Pa. Super. 51, 535 A.2d 1145 (1988).

For the foregoing reasons we entered our order of May 20, 1991 and we submit this memorandum opinion in explanation of that order.